**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ERIK SEGELSTROM and CATHIE M. HAMER,<br><br>　　　　　Defendants.　　　　　　　　　／ | No. C-14-1776 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; VACATING JUNE 13, 2014 HEARING** |

　　　　Before the Court is plaintiff Nationstar Mortgage, LLC's Motion to Remand Case to State Court, filed May 5, 2014. Defendants Erik Segelstrom and Cathie M. Hamer have not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on said written submissions, VACATES the June 13, 2014 hearing, and rules as follows.

　　　　In its complaint, plaintiff alleges a single state law claim for unlawful detainer. Plaintiff argues the Court lacks subject matter jurisdiction over its complaint, and, additionally, the removal is procedurally improper to the extent it is based on diversity jurisdiction. The Court agrees.

//

---

[1] Under the Civil Local Rules of this District, the deadline to file any opposition was May 22, 2014. See Civil L.R. 7-3(a) (providing, where motion is served on opposing party by mail, opposition must be filed 17 days after date motion is filed).

1    First, contrary to defendants' assertion in the Notice of Removal, plaintiff's complaint does not seek relief under federal law, and, to the extent defendants may be arguing that they have a defense under federal law, such assertion does not create federal question jurisdiction.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) (holding "federal defenses do not provide a basis for removal").

    Second, contrary to defendants' assertion in the Notice of Removal, the Court lacks diversity jurisdiction, given it is readily apparent from the face of the complaint that the amount in controversy does not exceed the sum of $75,000.  See 28 U.S.C. § 1332(a) (holding district court has jurisdiction over action between diverse citizens "where the matter in controversy exceeds the sum or value of $75,000"); Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006) (holding district court, for purpose of determining propriety of diversity jurisdiction, should examine whether it is "facially apparent" from complaint that amount in controversy does not exceed sum of $75,000).  The complaint seeks damages of $600 per day, accruing as of March 21, 2014 (see Compl. at 3), in an amount "not exceed[ing] $10,000" (see Compl. at 1), and defendants have offered no evidence to show that, contrary to such allegations, the amount in controversy in fact exceeds the sum of $75,000.

    Third, to the extent the removal is based on diversity of citizenship, the removal is procedurally improper, because defendants allege they are citizens of California (see Notice of Removal, caption and at 6:1-2), and a defendant who is a citizen of the state where the complaint was initially filed may not remove the complaint on the basis of diversity of citizenship, see 28 U.S.C. § 1441(b)(2).

    Accordingly, the motion is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Mendocino.

    **IT IS SO ORDERED.**

Dated:  May 27, 2014

MAXINE M. CHESNEY
United States District Judge